IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE M. FERGUSON, ) | No. C 08-0951 MMC |
| ) | |
| Plaintiff, ) | **ORDER STAYING PROCEEDINGS** |
| ) | **AND ADMINISTRATIVELY** |
| v. ) | **CLOSING CASE** |
| ) | |
| Ms. K. HARRIS, D.A., CURTIS ) | |
| KARNOW, Judge, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

On February 14, 2008, plaintiff, a California pretrial detainee incarcerated at the San Francisco County Jail in San Bruno, California, and proceeding pro se, filed the above-titled civil rights action pursuant to 42 U.S.C. § 1983. By separate order filed concurrently herewith, plaintiff has been granted leave to proceed in forma pauperis.

Plaintiff alleges that he was arrested on November 27, 2007, but was not arraigned until December 9, 2007. He seeks monetary damages for the violation of his constitutional right to a speedy trial.

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v.

1  Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

2      Plaintiff seeks damages for the violation of his constitutional right to a speedy trial, a
3  violation which, if proven, would require dismissal of the charges against him. See McNeely
4  v. Blanas, 336 F.3d 822, 826 (9th Cir. 2003). In Heck v. Humphrey, 512 U.S. 477, 486-87
5  (1994), the United States Supreme Court held that in order to state a claim for damages for an
6  allegedly unconstitutional conviction or term of imprisonment, or for other harm caused by
7  actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff
8  asserting a violation of 42 U.S.C. § 1983 must prove that the conviction or sentence has been
9  reversed or declared invalid. See id. at 486-87. A claim for damages bearing that
10 relationship to a conviction or sentence that has not been so invalidated is not cognizable
11 under § 1983. Id. at 487. Such damages claims will not be barred under Heck if the plaintiff
12 has not yet been convicted, however. See Wallace v. Kato, 127 S. Ct. 1091, 1098 (2007)
13 (holding Heck does not encompass principle that "an action which would impugn *an*
14 *anticipated future conviction* cannot be brought until that conviction occurs and is set aside.")
15 Nonetheless, the claims should not go forward if the plaintiff's criminal proceedings are still
16 pending; rather, "it is within the power of the district court, and in accord with common
17 practice,to stay the civil action until the criminal case or the likelihood of a criminal case is
18 ended." See id.

19     Here, plaintiff seeks damages for the violation of his right to a speedy trial, but he has
20 not yet been convicted; accordingly, the Court will stay further proceedings in this matter
21 until plaintiff's criminal proceedings have concluded.

22     For the foregoing reasons, this action is hereby STAYED. If plaintiff is convicted and
23 intends to proceed with his claims, within **thirty (30)** days of the date the criminal
24 proceedings against him have concluded he shall file a motion asking the Court to lift the

2

1  stay.[1]

2      The Clerk is hereby directed to ADMINISTRATIVELY CLOSE the case.

3      IT IS SO ORDERED.

4  DATED: April 30, 2008

5  _____
MAXINE M. CHESNEY
United States District Judge

---

[1] If the stay is lifted and the Court finds plaintiff's claims would impugn the validity of his conviction, the action will be dismissed under <u>Heck</u>; if no such finding is made, the action will proceed at that time, absent some other bar to suit. <u>See</u> <u>Wallace</u>, 127 S. Ct. at 1098.

3