1 | ANDRE FERGUSON
2 | In Pro Se
  | c/o Prisoner Legal Services
3 | 555 7th Street, Suite 201
  | San Francisco, CA 94103

FILED
AUG 26 PM 12:46
[stamp] WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANDRE FERGUSON, | Case No.: CV 08-0951 MMC |
| Plaintiff, | MOTION TO LIFT STAY OF PROCEEDINGS AND OPEN CASE |
| vs. | |
| Ms. K. HARRIS, D.A., CURTIS KARNOW, Judge, | |
| Defendants. | |

Plaintiff Andre Ferguson hereby requests that the court lift the stay of proceedings ordered on April 30, 2008.

### I.
### ARGUMENT

    **A.** XXXXXXXXXXXXX
    **B.** XXXXXXXXXXXXX

Dated this 25 day of August, 2008.

ANDRE FERGUSON
In Pro Se

*Mr. Andre Ferguson* [signature]

MM C
550

1  **COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C §§ 1983**

3  Name FERGUSON ANDRE' M
4      (Last)         (First)         (Initial)
5  Prisoner Number 2344489
6  Institutional Address COUNTY JAIL #5 · P.O.
7  BOX 67 · SAN BRUNO · CA - 94066

FILED
FEB 14 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

MMC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Andre' M. Ferguson
(Enter the full name of plaintiff in this action.)

vs.

D.A. Ms. K. Harris
Judge - Curtis A. Karnow

(Enter the full name of the defendant(s) in this action))

CV 08   0951  (PR)

Case No. _____
(To be provided by the clerk of court)

COMPLAINT UNDER THE
CIVIL RIGHTS ACT,
42 U.S.C §§ 1983

E-filing

*[All questions on this complaint form must be answered in order for your action to proceed.]*

I.  **Exhaustion of Administrative Remedies**

[**Note:** You must exhaust your administrative remedies before your claim can go forward. The court will dismiss any unexhausted claims.]

A.  Place of present confinement  San Francisco County Jail

B.  Is there a grievance procedure in this institution?
    YES (X)   NO ( )

C.  Did you present the facts in your complaint for review through the grievance procedure?
    YES ( )   NO (X)

D.  If your answer is YES, list the appeal number and the date and result of the

COMPLAINT                    - 1 -

FILED

APR 30 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

#5

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ANDRE M. FERGUSON,                )   No. C 08-0951 MMC
                                  )
            Plaintiff,            )   **ORDER STAYING PROCEEDINGS**
                                  )   **AND ADMINISTRATIVELY**
    v.                            )   **CLOSING CASE**
                                  )
Ms. K. HARRIS, D.A., CURTIS       )
KARNOW, Judge,                    )
                                  )
            Defendants.           )
_____)

On February 14, 2008, plaintiff, a California pretrial detainee incarcerated at the San Francisco County Jail in San Bruno, California, and proceeding pro se, filed the above-titled civil rights action pursuant to 42 U.S.C. § 1983. By separate order filed concurrently herewith, plaintiff has been granted leave to proceed in forma pauperis.

Plaintiff alleges that he was arrested on November 27, 2007, but was not arraigned until December 9, 2007. He seeks monetary damages for the violation of his constitutional right to a speedy trial.

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v.

Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

Plaintiff seeks damages for the violation of his constitutional right to a speedy trial, a violation which, if proven, would require dismissal of the charges against him. See McNeely v. Blanas, 336 F.3d 822, 826 (9th Cir. 2003). In Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), the United States Supreme Court held that in order to state a claim for damages for an allegedly unconstitutional conviction or term of imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff asserting a violation of 42 U.S.C. § 1983 must prove that the conviction or sentence has been reversed or declared invalid. See id. at 486-87. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Id. at 487. Such damages claims will not be barred under Heck if the plaintiff has not yet been convicted, however. See Wallace v. Kato, 127 S. Ct. 1091, 1098 (2007) (holding Heck does not encompass principle that "an action which would impugn *an anticipated future conviction* cannot be brought until that conviction occurs and is set aside.") Nonetheless, the claims should not go forward if the plaintiff's criminal proceedings are still pending; rather, "it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." See id.

Here, plaintiff seeks damages for the violation of his right to a speedy trial, but he has not yet been convicted; accordingly, the Court will stay further proceedings in this matter until plaintiff's criminal proceedings have concluded.

For the foregoing reasons, this action is hereby STAYED. If plaintiff is convicted and intends to proceed with his claims, within **thirty (30)** days of the date the criminal proceedings against him have concluded he shall file a motion asking the Court to lift the

2

1 | stay.[1]

2 | The Clerk is hereby directed to ADMINISTRATIVELY CLOSE the case.

3 | IT IS SO ORDERED.

4 | DATED: APR 3 0 2008

5 | MAXINE M. CHESNEY
United States District Judge

---

[1] If the stay is lifted and the Court finds plaintiff's claims would impugn the validity of his conviction, the action will be dismissed under Heck; if no such finding is made, the action will proceed at that time, absent some other bar to suit. See Wallace, 127 S. Ct. at 1098.

3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ANDRE M FERGUSON,

      Plaintiff,

v.

K HARRIS et al,

      Defendant.
_____/

Case Number: CV08-00951 MMC

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 30, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Andre M. Ferguson
County Jail #5
2344489
P.O. Box 67
San Bruno, CA 94066

Dated: April 30, 2008

                            Richard W. Wieking, Clerk

                            *Tracy Lucero*

                            By: Tracy Lucero, Deputy Clerk

I Mr. Andre' M. Ferguson was convicted on 8-1-2008. Therefore moves court to lift stay ordered on 4-30-2008.

Respectfully submitted

By

Mr. Andre' M. Ferguson

※ NOTICE of CHANGE of Address

I MR. Andre' M. Ferguson Now Resides At

MR. Andre' M. Ferguson
1155 Ellis Street APT # B204
San Francisco. CA. 94109
(415) 931-7631