IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE M. FERGUSON, | No. C 08-0951 MMC |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| Ms. K. HARRIS, D.A., CURTIS KARNOW, Judge, | |
| Defendants. | |

On February 14, 2008, plaintiff, who at that time was a California pretrial detainee incarcerated at the San Francisco County Jail and proceeding pro se, filed the above-titled civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges he suffered undue delay of his arraignment; he seeks monetary damages for such alleged violation of his constitutional right to a speedy trial.

By order filed April 30, 2008, the Court reviewed the allegations in the complaint and found as follows:

> Plaintiff seeks damages for the violation of his constitutional right to a speedy trial, a violation which, if proven, would require dismissal of the charges against him. See McNeely v. Blanas, 336 F.3d 822, 826 (9th Cir. 2003). In Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), the United States Supreme Court held that in order to state a claim for damages for an allegedly unconstitutional conviction or term of imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff asserting a violation of 42 U.S.C. § 1983 must prove that the conviction or sentence has been reversed or declared invalid. See id. at 486-87. A claim for damages bearing that relationship to a conviction or sentence

that has not been so invalidated is not cognizable under § 1983. Id. at 487. Such damages claims will not be barred under Heck if the plaintiff has not yet been convicted, however. See Wallace v. Kato, 127 S. Ct. 1091, 1098 (2007) (holding Heck does not encompass principle that "an action which would impugn *an anticipated future conviction* cannot be brought until that conviction occurs and is set aside.") Nonetheless, the claims should not go forward if the plaintiff's criminal proceedings are still pending; rather, "it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." See id.

Here, plaintiff seeks damages for the violation of his right to a speedy trial, but he has not yet been convicted; accordingly, the Court will stay further proceedings in this matter until plaintiff's criminal proceedings have concluded.

For the foregoing reasons, this action is hereby STAYED. If plaintiff is convicted and intends to proceed with his claims, within **thirty (30)** days of the date the criminal proceedings against him have concluded he shall file a motion asking the Court to lift the stay.

(Order, filed Apr. 30, 2008, at 2:2-3:1.)

Additionally, in a footnote appended to the last of the above-quoted paragraphs, the Court informed plaintiff: "If the stay is lifted and the Court finds plaintiff's claims would impugn the validity of his conviction, the action will be dismissed under Heck; if no such finding is made, the action will proceed at that time, absent some other bar to suit. See Wallace, 127 S. Ct. at 1098." (Id. at 3 n.1.)

Thereafter, plaintiff filed a motion to lift the stay and reopen the case, on the ground he was convicted on August 1, 2008, at which time he received a sentence of credit for time served and four hours of probation. As plaintiff had been convicted and his criminal case had ended, the Court, by order filed October 2, 2009, granted plaintiff's motion and reopened the case. By that same order, the Court dismissed the complaint with leave to amend, to afford plaintiff an opportunity to provide sufficient information to allow the Court to determine whether his claim is barred by Heck, i.e., for plaintiff to allege facts sufficient to show whether plaintiff's conviction has been reversed or otherwise declared invalid. (Order, filed Oct. 2, 2009, at 2:17-3:7.) The Court further informed plaintiff that his failure to file an amended complaint within thirty days of the Court's order would result in the dismissal of

1 the complaint without prejudice to plaintiff's filing a new action for damages should he later
2 meet the requirements for proceeding with his claim. (Order, filed 2, 2009, at 3:7-9, 3:13-
3 4:1.)
4     More than thirty days have passed from the date the Court's order was filed and
5 plaintiff has not responded to the Court's order. Accordingly, the instant action is hereby
6 DISMISSED without prejudice.
7     The Clerk shall close the file.
8     IT IS SO ORDERED.
9 DATED: February 7, 2011

MAXINE M. CHESNEY
United States District Judge

3